**Lillian SALVAGGIO, Plaintiff–Appellant,**

v.

**Kenneth S. APFEL, Commissioner of Social Security, Defendant–Appellee.**

No. 01–6062.

United States Court of Appeals, Second Circuit.

Nov. 6, 2001.

Lillian Salvaggio, pro se.

Alan Vinegrad, United States Attorney, Eastern District of New York; Varuni Nelson and Kathleen A. Mahoney, Assistant United States Attorneys, of counsel, Brooklyn, NY, for appellee.

Present Honorable CARDAMONE, Honorable WINTER, and Honorable SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said District Court be and it hereby is AFFIRMED.

The plaintiff, Lillian Salvaggio, *pro se* and *in forma pauperis*, appeals from an affirmance by the district court of a determination by the Commissioner of Social Security that she is not entitled to Social Security Disability Insurance benefits.

The plaintiff brought this action on August 15, 1995, in response to a denial of an application for benefits that she filed on June 29, 1992. In that application, the plaintiff claimed that she had been disabled since June 30, 1983 by multiple sclerosis. The district court remanded the case to the Social Security Commissioner, resulting in a hearing before an administrative law judge ("ALJ").

In a decision dated August 30, 1998, the ALJ found that the plaintiff was not eligible for benefits because she was not disabled prior to December 31, 1988, the date that her insured status expired. The ALJ further found that the plaintiff's statements regarding her degree of disability were not credible because she had sought minimal medical attention during the relevant period and, for this reason, was unable to produce objective medical findings to substantiate the severity of her symptoms. The ALJ also found that prior to December 31, 1988, the plaintiff had the residual functional capacity to perform sedentary work as required by her previous employment as a personnel director. The district court then reviewed the ALJ's findings and held, in a thorough opinion, that they were supported by the record.

We may reverse a denial of benefits only if we find upon a plenary review of the record that the determination below is not supported by substantial evidence. *See Havas v. Bowen*, 804 F.2d 783, 785 (2d Cir.1986); 42 U.S.C. § 405(g). Substantial evidence is "more than a mere scintilla" and "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (internal quotation marks omitted).

Our independent review of the record reveals that the plaintiff did suffer

from multiple sclerosis beginning as early as 1989. However, we find substantial evidence supporting the ALJ's finding that prior to 1989 the nature of the plaintiff's symptoms cannot be established from independent sources. We conclude that this lack of independent medical evidence, the result of the plaintiff's choice to seek only minimal medical attention for her symptoms prior to 1989, supports the finding that the plaintiff was not under a disability as defined by the Social Security Act at any time prior to the time her insured status expired.

    ▮ In her letter-brief, the plaintiff disputes the ALJ's finding that the plaintiff's physician stated that she was able to walk unaided on toe and heel. But the ALJ also considered a 1991 report from another physician stating that the plaintiff was unable to walk unaided. And in any event the ALJ's potentially erroneous characterization of the physician's findings was unnecessary to the ALJ's conclusions. The record contains ample evidence that the plaintiff was able to walk with the assistance of a cane at the relevant time, and thus was capable of performing the sedentary tasks required by her previous job.

    The plaintiff also challenges the ALJ's finding that she used public transportation; the plaintiff asserts that she has not used public transport for the past 15 years. Because the ALJ's ultimate findings rely largely upon the lack of independent evidence of the plaintiff's disability prior to 1989, we conclude that even if the plaintiff could substantiate the assertion as to her use of public transportation, that would not undermine the ALJ's ultimate findings.

    Having carefully considered the plaintiff's and defendant's arguments, we AFFIRM the judgment of the district court.